IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BOARD OF TRUSTEES, <br> SHEET METAL WORKERS' <br> LOCAL 9 PENSION TRUST, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> CERTIFIED BALANCING AND <br> COMMISSIONING LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:24-cv-00909-PAB-STV <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT**

Plaintiffs,[1] pursuant to Fed. R. Civ. P. 55 and by their attorneys Slevin & Hart, P.C., hereby submit this Memorandum in Support of their Renewed Motion for Default Judgment against Defendant Certified Balancing and Commissioning LLC ("Defendant"). On March 7, 2025, the Court entered an Order (ECF #17) (the "Order") denying Plaintiffs' initial Motion for Default Judgment (ECF #16) (the "Initial Motion") without prejudice, finding that Plaintiffs had failed to prove that Defendant had been served. Through this Renewed Motion, and the Declaration in support thereof, Plaintiffs respectfully submit that the evidence establishes that service on Defendant was effective and, as a result, respectfully renew their Motion for Default Judgment. Plaintiffs further respectfully submit that additional evidence that service upon Defendant was

---

[1]    Plaintiffs are the following: (i) the Board of Trustees of the Sheet Metal Workers' Local 9 Pension Trust; (ii) the Board of Trustees of the Colorado Sheet Metal Workers' Local 9 Health Fund; (iii) the Joint Apprenticeship and Training Committee of the Colorado Sheet Metal Workers Training Fund; (iv) the Sheet Metal Workers' Local 9 Vacation Fund; (v) the Colorado Sheet Metal Industry Fund; and (vi) the SMACNA Colorado Drug Testing Fund.

1

effective can be found in the record, including that Defendant's principals attempted to file a document in the case, consenting to the magistrate's jurisdiction.

Accordingly, as this Renewed Motion provides the evidence of effective service that was previously found lacking, Plaintiffs respectfully request that the Court now enter Default Judgment against Defendant, including compelling Defendant to comply with Plaintiffs' payroll audit, requiring Defendant to pay all amounts owed as determined by the audit, and pending completion of the audit, entering judgment for Plaintiffs in the amount of at least $44,177.45.

## I.     Background

In this action, which arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and the Labor Management Relations Act ("LMRA"), Plaintiffs seek to compel Defendant's compliance with a payroll audit and to pay the corresponding delinquent contributions and other amounts owed by Defendant to Plaintiffs. The Court previously held that "[b]ecause of the Clerk of Court's entry of default against the defendant . . . the well-pled allegations in plaintiffs' complaint . . . are deemed admitted." (Order p. 1, n.1 (citing *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003)). In their Memorandum in Support of their Initial Motion (ECF #16-1) (the "Initial Memorandum"), Plaintiffs established the basis for and their entitlement to Default Judgment, as to both liability and damages. As the Court has already deemed Plaintiff's allegations admitted, in the interests of brevity, Plaintiffs respectfully incorporate by reference their Initial Memorandum.

## II.    The Order

Although it deemed Plaintiffs' allegations admitted, the Court nevertheless denied the Initial Motion without prejudice, finding that Plaintiffs had failed to establish effective service upon Defendant. Although the record reflects service upon Defendant by serving Hannah Miller

2

("Ms. Miller"), a legal assistant of Daniel B. Kelley Attorney at Law LLC (the "Firm"), which, in turn, is Defendant's registered agent (ECF #5), the Court found there to be insufficient evidence that Ms. Miller was one of the enumerated individuals listed in Colo. R. Civ. P. 4(e)(4) upon whom service on the Firm could be made, since the Firm is a limited liability company ("LLC"), and that, without effective service upon the Firm as Defendant's registered agent, there was also no effective service upon Defendant.  (Order pp. 10-11).  The Court further noted that "Plaintiffs represent that Ms. Miller is authorized to accept service on behalf of" the Firm, but found this to be "insufficient" because the Colorado Rules do not "indicate that service could be accomplished by serving someone authorized to receive service where that person merely represents the same, nor does the Colorado Supreme Court[] . . . permit such a broad interpretation of the rules." (*Id.* p. 11) (internal citations and quotation marks omitted).  As a result, the Court denied the Initial Motion without prejudice but authorized Plaintiffs to re-serve Defendant within 60 days.  (*Id.*).

### III.     The Kellye Declaration

In support of their Renewed Motion, Plaintiffs are filing herewith the Declaration of Daniel B. Kelley, Esq. (the "Kelley Declaration" or "Kelley Dec."). Therein, Mr. Kelley confirms that: (a) he is the Firm's Managing Member (Kelley Dec. ¶ 2); (b) the Firm is Defendant's registered agent (*id.* ¶ 3); (c) on or about April 24, 2024, Plaintiffs served Defendant with, *inter alia,* the Summons and Complaint in this action (the "Served Process") by serving the Firm as Defendant's registered agent, by serving Ms. Miller, who is employed by the Firm as a legal assistant (*id.* ¶ 4); (d) Ms. Miller was authorized to accept service on behalf of the Firm and, in turn, on behalf of Defendant (*id.* ¶ 5); (e) Ms. Miller routinely accepts service on behalf of the Firm (*id.* ¶ 6); and (f) following service on Ms. Miller, the Firm promptly fulfilled all duties required of it as Defendant's registered agent, including providing the Served Process to Defendant.

3

**IV.     Service Upon Defendant Was Effective**

Although Plaintiffs appreciate the opportunity provided by the Court to re-serve Defendant, they respectfully submit that, based upon the additional evidence presented with this Renewed Motion, the Court can now conclude that service upon Defendant was effective as of April 24, 2024, such that Default Judgment should now be entered.

**A.     The Kelley Declaration Proves Service Was Effective**

As the Court noted in its Order, because Defendant's registered agent is the Firm, an LLC, then service upon the Firm as Defendant's registered agent is governed by Colo. R. Civ. P. 4(e)(4), which governs service upon, *inter alia*, "any form of . . . limited liability company . . . ." That Rule then enumerates the individuals upon whom effective service can be made upon an LLC. Assuming that Ms. Miller was not one of those enumerated individuals, it is nevertheless also the case that, under Colo. R. Civ. P. 4(e)(12), service can also be made "[u]pon any of the entities or persons listed in subsections (4) through (11) of this section (e)," which includes LLCs like the Firm in subsection (4), "***by delivering a copy to any designee authorized to accept service of process for such entity*** . . . ." (emphasis added). The Kelley Declaration, executed by the Firm's Managing Member (who could himself have been served on behalf of the Firm pursuant to Colo. R. Civ. P. 4(e)(4)(B) and/or (C)), confirms Ms. Miller was, in fact, authorized to accept service for the Firm within the meaning of Colo. R. Civ. P. 4(e)(12). (Kelley Dec. ¶¶ 4-6). Thus, because the Kelley Declaration proves that Ms. Miller was authorized to accept service for the Firm, and since the Firm is Defendant's registered agent, then service upon Ms. Miller on April 24, 2024, was effective service upon Defendant. Plaintiffs respectfully submit that the Kelley Declaration cures any deficiencies, such that Default Judgment should now be entered against Defendant.

4

### B.      The Record Contains Other Evidence of Effective Service

Plaintiffs further respectfully submit that the record contains additional evidence that service was effective.  In this regard, after service was made upon Ms. Miller on April 24, 2024 (Kellye Dec. ¶ 4), and the Clerk entered Default on May 20, 2024 (ECF #12), on May 23, 2024, Defendant's principals, Gregory John Barnes and Monique Marie Barnes (collectively, the "Barneses"), purported to file a document consenting to the jurisdiction of the magistrate  (ECF #14) (the "Consent Form").  The Consent Form had no effect for two reasons.  First, it did not reflect unanimous consent, insofar as the Barneses never sought and the Consent Form did not reflect Plaintiffs' consent.  Second, companies, like Defendant, are not permitted to be represented by non-attorney principals like the Barneses.  *See, e.g., Harrison v. Wahatoyas*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). After the Barneses filed the Consent Form, Magistrate Judge Varholak held a telephonic status conference on June 6, 2024.  (ECF #15).  During that conference, Plaintiffs' counsel referenced the Consent Form, including that it was ineffective both because Plaintiffs had not joined it and because Defendant could not appear *pro se*.  (*Id.*).  Magistrate Judge Varholak agreed and directed Plaintiffs to move for Default Judgment.  (*Id.*).  Accordingly, Plaintiffs respectfully submit that the Consent Form provides additional evidence that service upon Defendant was effective.

### V.     Conclusion

For these reasons, Plaintiffs respectfully submit that there is now sufficient evidence before the Court to conclude that service upon Defendant was effective as of April 24, 2024, such that Default Judgment should be entered against Defendant.   To this end, Plaintiffs respectfully resubmit the proposed form of Default Judgment that they previously submitted with their Initial

5

Motion (ECF #16-4) and request that the Court enter same, including: (a) awarding Plaintiffs $44,177.45; (b) directing Defendant to comply with Plaintiffs' payroll audit; and (c) ordering Plaintiffs to pay any amounts determined to be owed as a result of the payroll audit.

Dated: March 27, 2025

Respectfully submitted,

*/s/ Richard S. Siegel*
Richard S. Siegel
SLEVIN & HART, P.C.
1300 Connecticut Ave., N.W., Suite 700
Washington, DC  20036
Telephone: (202) 797-8700
Facsimile:  (202) 234-8234
rsiegel@slevinhart.com
*Attorney for Plaintiffs*

23146366v2